SANDERS, Justice
(dissenting).
The majority holds that the trial judge committed reversible error in overruling defendant’s motion to sequester witnesses after about half the evidence had been heard.
Article 764 of the Louisiana Code of Criminal Procedure provides:
“Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court modify its order in the interest of justice.”
Article 764 appears in the General Provisions Chapter of the title on Trial Procedure. It provides for an exclusion of witnesses from where they can see or hear the proceedings and a prohibition against discussing the testimony of any witness with anyone other than the district attorney or defense counsel. The purpose of the Article is to prevent the witnesses from being influenced by the testimony of others and to strengthen the role of cross-examination in searching for the truth. See State v. Lewis, 250 La. 876, 199 So.2d 907.
From the language of the Article, as well as its purpose, it is obvious that the request is to be made and acted upon before the first witness is called to testify. Otherwise, the defense counsel or district attorney would be allowed to fragmentize the sequestration and choose the testimony to be kept from the witnesses. Hence, in my opinion, the trial judge committed no error in overruling the defense motion for sequestration.
Assuming, however, that I am wrong in my analysis and that the trial judge did commit error in refusing to sequester the witnesses after half the evidence had been heard, Article 921 of the Louisiana Code of Criminal Procedure must be applied to determine whether the error warrants a reversal of the conviction. That article provides :
“A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.”
*101 Article 921 is a restatement of LSA-R.S. 15:557 of the former Code of Criminal Procedure of 1928. LSA-R.S. 15:557 was designed to abolish the so-called Exchequer Rule of presumed prejudice and to substitute in its place reasonable standards to determine whether an error is reversible. Hebert, The Problem of Reversible Error in Louisiana, 6 Tul.L.R. 169, 170-171, 199— 200. The language of Article 921 leaves no room for a presumption of prejudice. Hence, the majority erroneously holds that a presumption of prejudice arises from the trial judge’s ruling.
To determine whether the error is reversible, it must be tested under the code article. The pertinent provision is the one that allows a reversal for a substantial violation of a statutory right.
The record discloses that the State had only two witnesses to the actual sale of marijuana, a police detective and an undercover agent. At the time the motion for sequestration was made, the police detective had already given his testimony on direct examination and his cross-examination was well under way. He had testified at length concerning all aspects of the crime in the presence of the undercover agent. No useful purpose could have been served by having the undercover agent withdraw from the courtroom at this stage. Stated differently, his continued presence in the courtroom, after he had already heard the main testimony, caused no prejudice to the defense.
In my opinion, if a statutory violation occurred, it was insubstantial and furnishes no ground for reversing the conviction.
For the reasons assigned, I respectfully dissent.